**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC, | No. CV-21-01497-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Sara Lihong Wei Lafrenz, et al., | |
| Defendants. | |

On September 2, 2021, the Court issued the following Order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint alleges jurisdiction based on diversity, but fails to sufficiently plead jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). To properly plead diversity jurisdiction, a complaint must plead the citizenship of every member of a limited partnership or limited liability company. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).
> Accordingly,
> **IT IS ORDERED** that Plaintiff must file a supplement to the complaint within 14 days which properly pleads the citizenship of every party in this case. If Plaintiff fails to comply with this Order, this case will be dismissed, without prejudice, for lack of jurisdiction.

(Doc. 8).

On September 16, 2021, Plaintiff filed an amended complaint. (Doc. 9). The entire jurisdictional allegation for the limited liability company defendant is: "Defendant Maywind Trading LLC ("Maywind") is an Illinois limited liability company also registered as a foreign company doing business in Arizona with principal place of business in Arizona. …. On information and belief, no member of Maywind is a citizen of New York."

(Doc. 9 at 5).  The amended complaint also pleads the citizenship of three of the individual Defendants "on information and belief."  (*Id.* at 5-6).

In this Circuit, plaintiffs are permitted to plead jurisdiction on information and belief if the plaintiff shows it took reasonable steps to ascertain the jurisdiction of the parties and that necessary information is in the defendant's possession.  *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).  Here, Plaintiffs do not specifically allege the information needed to establish jurisdiction is in Defendants' possession.  Nor do they advise the Court what steps they took to attempt to obtain actual citizenship information.

Further, the fact that Plaintiff may at the early stages of the case plead jurisdiction on information and belief does not excuse Plaintiff from ultimately establishing that the Court has jurisdiction.

> If and when the defendants respond to the complaint, the district court can revisit the jurisdictional allegations. If the defendants deny that the court has jurisdiction, the district court should evaluate the record created by the parties to determine its jurisdiction. *See Mondragon,* 736 F.3d at 886. Jurisdictional discovery may be appropriate. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003). Even if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction. *See Am.'s Best Inns,* 980 F.2d at 1074. But it should not be assumed at this stage that a proper basis for jurisdiction cannot be established. [Footnote 3] It is, to be sure, possible that none of the defendants, after service, will respond to the complaint. … What should happen in that … event is not a question that is before us.

*Id.* at 1088 & n3.

While the Court will not dismiss this case at this time, the Court finds that Plaintiff has not established that this Court has subject matter jurisdiction.  Thus, Plaintiff will be required to, within six months, file a supplement to the amended complaint establishing federal subject matter jurisdiction.  Plaintiff must use these six months to do whatever discovery is necessary to ascertain the citizenship of each Defendant.  If Plaintiff fails to file this required supplement, or if Plaintiff fails to establish federal subject matter jurisdiction within the deadline, this case will be dismissed without prejudice.  Additionally, Plaintiff is cautioned that, as footnote 3 to *Carolina Cas. Ins. Co.* suggests,

this Court may be without jurisdiction to enter default or default judgment if jurisdiction is not established.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff must file a supplement to the amended complaint establishing jurisdiction as indicated above within six months of this Order.

Dated this 24th day of September, 2021.

James A. Teilborg
Senior United States District Judge