**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC, | No. CV-21-01497-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Sara Lihong Wei Lafrenz, Xiuzhu Wei, Maywind Trading LLC, Jian Peng, Qishen Chen, and Jianjun Wang, | |
| Defendants. | |

On September 2, 2021, this Court required Plaintiff to file a supplement to the complaint because the original complaint did not properly plead jurisdiction in this case. (Doc. 8). In response to that Order, Plaintiff filed an amended complaint and pleaded jurisdiction based on information and belief. The Court then issued an Order which included:

> While the Court will not dismiss this case at this time, the Court finds that Plaintiff has not established that this Court has subject matter jurisdiction. Thus, Plaintiff will be required to, within six months, file a supplement to the amended complaint establishing federal subject matter jurisdiction. Plaintiff must use these six months to do whatever discovery is necessary to ascertain the citizenship of each Defendant. If Plaintiff fails to file this required supplement, or if Plaintiff fails to establish federal subject matter jurisdiction within the deadline, this case will be dismissed without prejudice.

(Doc. 10).

Thereafter, the 90 days to serve the complaint found in Federal Rule of Civil Procedure 4(m) ran, with service having been accomplished on only one Defendant. Thus,

the Court issued the following Order:

> Counsel…filed this case in Federal Court in Arizona on behalf of Plaintiff on August 31, 2021. Thus, service was due on the six Defendants by November 29, 2021. *See* Fed. R. Civ. P. 4(m). The Court will summarize the record regarding service for each Defendant.
>
> There is no proof of service on file for Sara Lihong Wei Lafrenz.
>
> There is no proof of service on file for Xiuzhu Wei.
>
> There is no proof of service on file for Maywind Trading LLC.
>
> There is no proof of service on file for Jian Peng.
>
> On November 12, 2021, Jianjun Wang, pro se, has filed an answer, which includes a motion to dismiss. (Doc. 13). Specifically, the motion to dismiss is at pages 8-11, which were docketed in reverse order. Plaintiff has not responded to this document.
>
> A person named Qishen Chen was served with a summons in this case. (Doc. 11). Qishen Chen, pro se, returned this summons to the Clerk's office and explained that he did not believe he was the person identified in the complaint. (*Id.*). Qishen Chen also stated that he had reached out to Plaintiff's counsel, who failed to respond to him. Proof of service for service on Qishen Chen has never been filed with this Court.
>
> Qishen Chen suggested, seemingly based on his own research, that the person Plaintiff really seeks is Qisheng Chen. (*Id.*). Thereafter, Plaintiff filed a proof of service for Quisheng Chen (a third spelling of this name), at the address suggested by Qishen Chen. (Doc. 12). As indicated above, the only version of this name that appears in the complaint and amended complaint is Qishen Chen.
>
> Before counsel uses this Court's subpoena power to compel someone to respond in Federal Court, the Court deems it to be counsel's duty to make sure counsel is serving the right person. At this point, there is evidence that Plaintiff may have served the wrong person when Plaintiff served Qishen Chen (Doc. 11), but Plaintiff has not moved to quash this service if it was in fact mistaken. There is also evidence that Plaintiff served Quisheng Chen, who is not named as a Defendant in the complaint. More concerningly, counsel appears to have used an address suggested by a pro se to serve this non-defendant.
>
> The Court will quash the proof of service at Doc. 12 because the "defendant" named therein is not a defendant named in the complaint. The Court will also quash the service on the Qishen Chen who filed Doc. 11 (even though Plaintiff did not file this proof of service in the record), because the Court deems Plaintiff's efforts to serve a "new" Qishen Chen to be an admission that the Qishen Chen in Doc. 11 is the wrong person.
>
> The Court will further require Plaintiff to show cause why all Defendants who have not been timely served should not be dismissed.
>
> Thus,

- 2 -

> **IT IS ORDERED** that the service evidenced by Doc. 11 is quashed. The Qishen Chen who filed Doc. 11 has no further obligation to respond in this case unless he is served with a new summons and complaint. (Plaintiff may not re-serve this Qishen Chen without prior Court approval). The Clerk of the Court shall send a copy of this Order to Qishen Chen at the address listed in Doc. 11 at page 24.
>
> **IT IS FURTHER ORDERED** that the proof of service at Doc. 12 is quashed because it purports to serve someone who is not named as a Defendant in the amended complaint.
>
> **IT IS FURTHER ORDERED** that, by December 9, 2021, Plaintiff shall show cause why Defendants Qishen Chen, Sara Lihong Wei Lafrenz, Xiuzhu Wei, Maywind Trading LLC, and Jian Peng should not be dismissed for failure to serve within the time limits of Federal Rule of Civil Procedure 4(m).
>
> **IT IS FURTHER ORDERED** that Plaintiff shall respond to the motion to dismiss at pages 8-11 of Doc. 13 by December 9, 2021 or the Court will deem the failure to respond to be consent to the motion being granted. *See* Local Rule Civil 7.2(i). The Clerk of the Court shall update the docket to reflect that Doc. 13 is both an answer and a motion to dismiss.

(Doc. 14).

Plaintiff has responded to the Order at Doc. 14 and requested an extension of time to serve. (Doc. 15). Plaintiff's primary argument for needing more time to serve four of the Defendants is that some of them are evading service. Plaintiff further argues that Plaintiff has been diligent in attempting to serve.

Plaintiff also states that "…at this time the 90-day service deadline since the filing of the Amended Complaint on September 16, 2021, has not yet expired." (Doc. 15 at 6). This is not correct. As the Court previously held, service was due November 29, 2021. (Doc. 14 at 1). The time provided by Federal Rule of Civil Procedure 4(m) to serve a complaint is not restarted by the filing of an amended complaint, except as to any defendants newly added in the amended complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1137, at 377 (3d ed. 2002)). Here, no defendants were newly added in the amended complaint.

Plaintiff additionally argues that because the Court ordered Plaintiff to do jurisdictional discovery and supplement the complaint with proof of jurisdiction by March 24, 2022, "there can be no prejudice to Defendants from extending the deadline for service

- 3 -

of process until that date." (Doc. 15 at 6). There is no logic to this argument. First, the fact that Plaintiff failed to have sufficient information to allege jurisdiction before filing the complaint has no bearing on whether Defendants will be prejudiced by an extension of time to serve. Second, by the Court requiring a jurisdictional supplement, the Court was not making any guarantees that this case would not be dismissed for other reasons before that deadline. Finally, Plaintiff seemingly has no intention of even attempting to complete jurisdictional discovery as ordered by the Court by March 24, 2022 since Plaintiff seeks until that date to either serve or move for alternative serve. The Court will not extend this deadline.

Plaintiff concludes by arguing that good cause exists to extend the time to serve.

There are two avenues for relief under Rule 4(m) (*see Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)):

> "The first is mandatory[.]" *Id.* (citation and footnote omitted). Based upon the plain language of that Rule, "the district court must extend time for service upon a showing of good cause." *Id.* (citation and footnote omitted).
>
> "The second is discretionary [.]" *Id.* (citation omitted). Notwithstanding Rule 4(m), "if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* (citation omitted).
>
> Engaging in the "two-step analysis" which the Ninth Circuit "requires[,]" the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan*, 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id*. (citation omitted).

*Trueman v. Johnson*, 2011 WL 6721327, *3 (D. Ariz. December 21, 2011) (reformatted).

**A.    Good Cause**

To establish good cause, Plaintiffs must show:

1) excusable neglect;

2) the party to be served received actual notice of the suit;

3) the party to be served would suffer no prejudice; and

4) Plaintiffs would suffer severe prejudice if the complaint were dismissed.

*Id*. (citing *Lemoge*, 587 F.3d at 1198) (reformatted).

**B.     Excusable Neglect**

In the absence of good cause, the court must proceed to the second step of the analysis, and decide whether, in its discretion, to extend the prescribed time for service of the FAC. The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad." *Gill v. Waikiki Lanai, Inc.*, 2011 WL 3648772, at *7 (D.Hawai'i Aug.18, 2011) (quoting *In re Sheehan*, 253 F.3d at 513 (citation omitted)).

*Trueman,* 2011 WL 6721327 at *5.

However, the Court's broad discretion is not limitless. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test based upon *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380 (1993); and *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997)." *Trueman*, 2011 WL 6721327 at *5.

That four-factor equitable test requires, at a minimum, examination of:

(1) the danger of prejudice to the opposing party;[1]

(2) the length of the delay and its potential impact on judicial proceedings;

(3) the reason for the delay;[2] and

(4) whether the movant acted in good faith.

*Id.* at 6 (quoting *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1261 (9th Cir. 2010)) (footnotes added and reformatted).

Those four enumerated factors are "not an exclusive list[,]" however. *Lemoge*, 587 F.3d at 1195 (internal quotation marks and citation omitted). "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir.2010) (internal quotation marks and citation omitted).

*Id.* at *6.

In an effort to meet the good cause standard, Plaintiff submits evidence that

---

[1] "Prejudice to defendants 'requires greater harm than simply that relief would delay the resolution of the case.'" *Trueman*, 2011 WL 6721327, *4 (quoting *Lemoge*, 587 F.3d at 1196).

[2] Excusable neglect encompasses "negligence" and "carelessness." *Lemoge*, 587 F.3d at 1192.

- 5 -

Defendant Sara Lihong Wei Lafrenz has notice of this lawsuit. (Doc. 15). Plaintiff also submits evidence that Sara Lihong Wei Lafrenz and Jian Peng have been evading service. (*Id.*). Plaintiff does not submit evidence that the other two unserved Defendants, Xiuzhu Wei and Maywind Trading LLC, have notice of this lawsuit.

As discussed above, the Court has already rejected Plaintiff's argument as to why Defendants would not be prejudiced by an extension of time to serve.

Finally, Plaintiff argues it would be prejudiced by dismissal because it would have to start the service of process efforts over anew. Plaintiff argues that such a result would be inequitable when, as in this case, Plaintiff has evidence that Defendants are evading service. The Court agrees with respect to the two Defendants - who Plaintiff has evidence are evading service - that a dismissal, which would further delay any future alternative service, would prejudice Plaintiff.

With respect to excusable neglect, the Court finds that Plaintiff's attempts to serve the four unserved Defendants have been diligent, and there is at least some evidence that two of them are evading service. Additionally, Plaintiff has shown it would be prejudiced by the dismissal of this entire case. Because at least some (and maybe all) Defendants are aware of this lawsuit, the Court finds Defendants will not be prejudiced by an extension of time. Thus, the Court will extend the time to serve Defendants: Sara Lihong Wei Lafrenz a/k/a Sara Wei, Xiuzhu Wei, Maywind Trading LLC, and Jian Peng. However, to minimize the length of the delay and the impact on the judicial proceedings, the Court will not grant the length of extension Plaintiff seeks.

With respect to Defendant Qishen Chen, who Plaintiff now indicates is correctly named Qisheng Chen, Plaintiff states that Plaintiff will move to amend the complaint to correct this name. (Doc. 15 at 3, n.1). To date, no such motion has been filed. The Court will take no action on this issue at this time. However, Plaintiff is cautioned that lack of diligence in moving to amend, or serving after amendment, will be a basis to deny any future motions to extend the service deadline as to this Defendant. The Court finds that the prior service on this Defendant to a misspelled name constitutes excusable neglect

which warrants an extension of the service deadline.

As indicated above, the deadline to serve the complaint in this case on the Defendants named herein expired November 29, 2021. The Court will extend the time to serve to January 28, 2022, which is an additional 60 days. If service is not accomplished for each Defendant by this date, as to any unserved Defendants, a motion for alternative service is also due by January 28, 2022; any motion for alternative service must include a further motion for extension of time to serve. Plaintiff should not anticipate any extensions of these deadlines. Any motion for alternative service must comply with the controlling law. *See, e.g., Ruffino v. Lokosky,* 425 P.3d 1108, 1113 ¶16 (Ariz. Ct. App. 2018) ("Given our present society, we agree with the superior court that modern methods of communication, especially email, were more likely to give [Defendant] notice of a suit than publication in a newspaper distributed in a rural area 70 miles from [Defendant's] Scottsdale home.").

Based on the foregoing,

**IT IS ORDERED** that the request for an extension of time to serve (part of Doc. 15) is granted. The deadline to serve Defendants: Sara Lihong Wei Lafrenz a/k/a Sara Wei, Xiuzhu Wei, Maywind Trading LLC, Qisheng Chen and Jian Peng is January 28, 2022. Any motion for alternative service and motion for additional time to serve is also due by January 28, 2022. If Plaintiff fails to comply with this Order, any unserved Defendants will be dismissed.

**IT IS FURTHER ORDERED** confirming the March 24, 2022 deadline for Plaintiff to file the supplement to the complaint establishing jurisdiction. Plaintiff must use the time between now and then to complete any jurisdictional discovery Plaintiff requires to comply with this Court's Orders.

Dated this 15th day of December, 2021.

_____
James A. Teilborg
Senior United States District Judge