**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC, | No. CV-21-01497-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Sara Lihong Wei Lafrenz, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Alternative Service and for Additional Time to Serve Defendants. (Doc. 27). The Court now rules.

### I.   BACKGROUND

Plaintiff initiated this action against Defendants, alleging constructive fraud, unjust enrichment, conversion, and negligent representation. (Doc. 9 at 14–18). Plaintiff claims that Defendants accepted nearly $90 million for a loan program that were never disbursed. (Doc. 9 at 3).

While Plaintiff has successfully served some of the Defendants in the action, Plaintiff has been unable to serve Defendants Sara Lihong Wei Lafrenz or Qisheng Chen. (Doc. 27 at 2). Plaintiff identified four addresses for Ms. Wei and attempted to serve process at each of them. (*Id.* at 3). Plaintiff also attempted to serve process at an address for the statutory agent of a company of which Ms. Wei is a member. (*Id.*). None of these attempts were successful. (*Id.*). Finally, Plaintiff indicates that Ms. Wei is aware of and is intentionally not engaging in the lawsuit. (*Id.*).

1  Plaintiff has likewise been unable to successfully serve Mr. Chen. (Doc. 27 at 4). While Plaintiff successfully served a deposition and document subpoena on Mr. Chen, Plaintiff alleges that Mr. Chen did not appear to the deposition. (Doc. 27 at 4). Additionally, Plaintiff was unable to serve Mr. Chen with the Second Amended Complaint. (*Id.*). Plaintiff claims that it has taken additional steps to locate Mr. Chen but has been unsuccessful. (*Id.*).

Considering the difficulty Plaintiff has had in serving Ms. Wei and Mr. Chen, Plaintiff now seeks alternative service through email and Discord, an internet messaging service. Plaintiff believes that Ms. Wei will properly receive service through email as three separate individuals who have worked with her have said that she uses those email addresses. (Doc. 27 at 9). Plaintiff also wants to initiate service of process via Discord which it claims that Ms. Wei is also active on. (*Id.* at 10). Plaintiff believes these methods meet the requirements of due process as two other federal courts have authorized alternative service via email and Discord on Ms. Wei. *See Zhang et al v. Voice of Guo Media Incorporated*, No. 2:21-cv-01079 (D. Ariz. Aug. 5, 2021) (Doc. 24); *Weiguo Sun, et al. v. GTV Media Group, Inc., et al.*, No. 1:21-cv-4529 (S.D.N.Y. July 15, 2021). Additionally, Plaintiff wants to serve Mr. Chen via email. (Doc. 27 at 11). Plaintiff argues that this alternative service satisfies due process as his lawyers, in a separate case, have identified email as a method of contacting Mr. Chen. *Comerica Bank v. G-Service, LLC, et al*. No. CV2021-00495 (Maricopa Cty. Sup. Ct.).

**II.    LEGAL STANDARD**

The procedural requirement of service of the summons must be satisfied before a federal court may exercise personal jurisdiction over a defendant. *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Accordingly, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P.4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), amended by 807 F.2d 1514 (9th Cir. 1987).

Federal Rule 4(e)(1) allows summons to be served on an individual in a manner

that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Arizona law, when personal service has become impracticable, Arizona Rule of Civil Procedure ("Arizona Rule") 4.1(k) authorizes service by alternative means as follows:

> If service by one of the means set forth in the preceding paragraphs of this Rule 4.1 proves impracticable, then service may be accomplished in such manner, other than by publication, as the court, upon motion and without notice, may direct. Whenever the court allows an alternate or substitute form of service pursuant to this subpart, reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served and, in any event, the summons and the pleading to be served as well as any order of the court authorizing an alternative method of service, shall be mailed to the last known business or residence address of the person to be served.

Ariz. R. Civ. P. 4.1(k). If alternative service of process is appropriate, any proposed alternative method of service must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To meet such a requirement, the alternative method of service "must be 'reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### III.  ANALYSIS

Plaintiff has made the requisite showing under Federal Rule 4(e)(1) to justify alternative service. For the Court to grant Plaintiff's Motion for Alternate Service, service must prove impracticable. Ariz. R. Civ. P. 4.1(k). Impracticability requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 903–04 (Ariz. Ct. App. 2010). Courts have found that "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id.* at 904.

Here, the Court finds that the traditional means of service have proved to be

1 impracticable. Plaintiff has made multiple attempts to serve Defendants but have
2 discovered that Defendants are not present at their posted addresses and appear to be
3 evading service. (Doc. 27 at 2–6). This district court has regularly allowed for alternative
4 service when Plaintiff has attempted service multiple times and failed. *See, e.g.*, *Szabo v.
5 Sw. Endocrinology Associates PLLC*, CV-20-01896-PHX-DWL, 2020 WL 7714569, at
6 *1–2 (D. Ariz. Dec. 29, 2020) (finding service impracticable and granting alternative
7 service after multiple attempts to serve at defendant's residence); *BMO Harris Bank, N.A.
8 v. D.R.C. Investments, L.L.C.*, CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D.
9 Ariz. Sept. 9, 2013) (same).

Plaintiff's proposed alternative means of service—emailing the court papers required under Ariz. R. Civ. P. 4.1(k) to Ms. Wei and Mr. Chen—constitutes "a reasonable effort to provide the person being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2). The Ninth Circuit has found that due process requires "nothing more" than service of process by email when that "may be the only means of effecting service of process" to apprise the defendant of the lawsuit. *Rio*, 284 F.3d at 1018. Courts have subsequently allowed alternative service by email even when there are other means of communication available. *See, e.g.*, See *Ruffino v. Lokosky*, 425 P.3d 1108, 1113 (Ariz. Ct. App. 2018) ("Given our present society, we agree with the superior court that modern methods of communication, especially email, were more likely to give [defendant] notice of a suit than publication in a newspaper distributed in a rural area 70 miles from [defendant's] Scottsdale home."); *Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2012 WL 1413986, at *5 (E.D. Cal. Apr. 23, 2012) (allowing email service of process in addition to mail delivery of process). The Court finds service of process on Defendants by traditional means is impracticable. The Court will grant Plaintiff's request for alternative service.

### IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Alternative Service on Defendant

Sara Lihong Wei Lafrenz and Qisheng Chen and for Additional Time to Serve Defendants (Doc. 27) is **granted**.

**IT IS FURTHER ORDERED** that service of process upon Defendant Wei may be made by emailing a copy of the Summons and Second Amended Complaint to any of the the following email addresses: "sarawei808@gmail.com," sarawei@protonmail.com, "vog202064@protonmail.com," and vog202064@gmail.com. Service of process upon Defendant Wei may also be made by messaging a copy of the Summons and Second Amended Complaint to "@Sara#0821" on Discord.

**IT IS FURTHER ORDERED** that service of process upon Defendant Chen may be made by emailing a copy of the Summons and Second Amended Complaint to the following email address: "bryanchenpr@gmail.com."

**IT IS FURTHER ORDERED** that the deadline for service of process upon Defendants Wei and Chen is extended to February 28, 2022.

Dated this 17th day of February, 2022.

James A. Teilborg
Senior United States District Judge