**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC, | No. CV-21-01497-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Sara Lihong Wei Lafrenz, et al., | |
| Defendants. | |

Pending before the Court is Defendant Jianjun Wang's ("Wang") Motion to Dismiss (Doc. 13) and Defendant Xiuzhu Wei's ("Devin") Motion to Dismiss (Doc. 41). Plaintiff Mountain of Spices LLC ("Plaintiff") filed a response in opposition to the motions. (Doc. 16, Doc. 47). The Court now rules.

### I. INTRODUCTION

On October 31, 2021, Plaintiff filed the instant complaint. Plaintiff alleges that Defendant Sara Lihong Wei Lafrenz ("Sara") accepted nearly $10 million for a fraudulent "loan program" that she ran with the other defendants. (Doc. 22 at 3). Plaintiff claims that it did not receive any accounting of its money and that Defendants used that money to invest in real estate in Texas. (Doc. 22 at 5). Plaintiff alleges constructive fraud, unjust enrichment, conversion, and negligent misrepresentation. (Doc. 22 at 14–17).

Defendant Wang filed an Answer and Motion to Dismiss. (Doc. 13). Wang denies the allegations and argues that he should be dismissed from the lawsuit because he doesn't "want to spend money and energy in engaging an attorney to fight against the

Plaintiff." (Doc. 13 at 8).

Defendant Devin also filed a Motion to Dismiss, arguing that Plaintiff's factual allegations do not support the claim of unjust enrichment. (Doc. 41 at 4). Devin also argues that the complaint inappropriately treats him and Sara collectively. (Doc. 41 at 3).

Plaintiff filed separate Responses to the Motions. (Doc. 16, Doc. 47). Plaintiff argues that it has properly alleged its claims against Defendants, and Defendants have not made a showing to the contrary. The Court now rules.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

Although the Court construes the facts alleged in the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), the Court need not accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.   DISCUSSION

### A.  Wang's Motion to Dismiss

Defendant Wang fails to state whether his motion is a Motion to Dismiss for Failure to State a Claim or a Motion to Dismiss on the Pleadings, nor does he provide any legal standard. (Doc. 13 at 8–11). A motion under Federal Rule of Civil Procedure 12(c)

is functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, and the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Therefore, the Court does not need to determine on which basis Defendant intended to move to dismiss Plaintiff's claim.

Wang principally argues that the allegations against him are untrue. (Doc. 13 at 8). Additionally, Wang argues that he does not "want to spend money and energy in engaging an attorney," and does not have "time to fight against the Plaintiff even though the Plaintiff used groundless allegations." (Doc. 13 at 8).

In the Response, Plaintiff notes that Wang only denies limited allegations that go to the merits of the case but not whether Plaintiff has stated a claim. (Doc. 16 at 5). Plaintiff also indicates that Wang has failed to provide a factual or legal basis for dismissing this action. (Doc. 16 at 5–6).

The Court agrees with Plaintiff. In reviewing a Motion to Dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." *Shwarz*, 234 F.3d at 435 (citing *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996)). Viewing the complaint in the light most favorable to Plaintiff, the Court finds that a sufficient factual basis exists to supports its claims. Although the Court understands the difficulties this case has caused for Defendant, these difficulties are not a legal basis on which the Court may dismiss the action. Therefore, Defendant Wang's Motion to Dismiss is denied.

### B. Devin's Motion to Dismiss

Defendant Devin also filed a Motion to Dismiss. (Doc. 41). Devin contends that Plaintiff's alleged facts are false, (Doc. 41 at 1–3), and that Plaintiff has not alleged any facts that would show unjust enrichment because he did not receive any money. (Doc. 41 at 4; Doc. 54 at 1). Further, Devin argues that Plaintiff inappropriately grouped defendants together. (Doc. 41 at 5). Finally, in his Reply, Devin argues that Plaintiff's claims are conclusory. (Doc. 54 at 2).

In Response, Plaintiff says that it has alleged facts that support a claim for unjust

enrichment, and it did not err in grouping defendants together. (Doc. 47 at 5–9). Moreover, Plaintiff argues that Devin's motion should be stricken because it violates local rule 12.1(c), which requires a certification that the movant notified the opposing party of issues. (Doc. 47 at 9).

Local Rule 12.1(c) provides that a Federal Rule of Civil Procedure 12(b)(6) motion will not be considered unless "the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." LRCiv 12.1(c). However, striking a motion for failure to fulfill Local Rule 12.1(c) is unnecessary "when the movant promptly takes active steps to cure any harm caused by the failure." *Wine Educ. Council v. Ariz. Rangers*, No. CV-19-02235-PHX-SMB, 2020 U.S. Dist. LEXIS 235192, at *30 (D. Ariz. Dec. 15, 2020).

Here, Devin did not comply with Local Rule 12.1(c). Nor did he take any "active steps to cure any harm." *Id.* Nor did he address his noncompliance in his Reply brief. (Doc. 54). Accordingly, the Court finds Devin's Motion may be summarily denied under Local Rule 12.1(c).

Even if the Court were to excuse Devin's failure to comply with Local Rule 12.1(c), Devin's Motion to Dismiss would still be denied. Devin argues that Plaintiff's complaint does not allege any facts that would show that he was enriched by the payments made by Plaintiff. (Doc. 41 at 5).

"To sufficiently state a claim for unjust enrichment, a plaintiff must plead five elements: '(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided by law.'" *Zoldessy v. MUFG Union Bank, N.A.*, No. CV-20-08329-PCT-SPL, 2021 U.S. Dist. LEXIS 84538, at *18 (D. Ariz. May 3, 2021) (citations omitted).

Plaintiff meets the requirements of Rule 8 with respect to the five elements. First,

the complaint alleges "an enrichment" of nearly $10 million to bank accounts controlled by Defendants. (Doc. 22 at 9–11). The Court disagrees with Devin that the complaint fails to identify that he received an enrichment. (Doc. 54 at 4). The complaint alleges that Devin served as the de facto chief financial officer and that he had access to all bank and corporate documents. (Doc. 22 at 7). Although Devin argues that the alleged facts are false, (Doc. 41 at 2), the Court must accept all facts alleged in the complaint as true for purposes of ruling on the Motion. *See Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). Second, the complaint alleges "an impoverishment" as Plaintiff was deprived of its funds and its ability to earn interest. (Doc. 22 at 9–11). Third, the enrichment and impoverishment flowed from the same occurrences of Plaintiff transferring the money to Defendants. Fourth, Plaintiff alleges that Defendants misappropriated the money without any justification or authorization. (Doc. 22 at 8). With respect to the fifth element, the Court finds that the complaint also sufficiently states a claim for relief. The complaint alleges that there was not a specific contract governing the relationship between Plaintiff and Defendants and that Defendants did not provide an executed Loan Agreement. (Doc. 22 at 8). At this stage of the proceedings, the Court cannot foreclose Plaintiff's claim for unjust enrichment against Devin.

Devin also argues that Plaintiff erred in grouping Defendants together and that Rule 8 requires the plaintiff to allege acts so it is "clear which defendant must answer each of the allegations." (Doc. 41 at 5). Yet Devin also acknowledges in his Motion that the complaint only states one count against him. (Doc. 41 at 3). Indeed, each count in the complaint makes it clear who the count is alleged against. Additionally, it is understandable that the complaint alleges that Devin acted with Sara given Devin's alleged role as her de facto chief financial officer. (Doc. 22 at 7). Thus, Plaintiff's allegations are sufficient to state a plausible claim against each Defendant separately and include enough factual detail to allow each Defendant to adequately defend the claims asserted against it.

The Court therefore denies Defendant Devin's Motion to Dismiss.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Jianjun Wang's Motion to Dismiss (Doc. 13) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Xiuzhu Wei's Motion to Dismiss (Doc. 41) is **denied**.

Dated this 25th day of April, 2022.

James A. Teilborg
Senior United States District Judge