WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC, | No. CV-21-01497-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Sara Lihong Wei Lafrenz, et al., | |
| Defendants. | |

Pending before the Court is a motion from Plaintiff related to Defendant Xiuzhu ("Devin") Wei. Plaintiff seeks two discovery remedies related to Devin: 1) Plaintiff seeks to have the Court compel Devin to sign and verify his responses to Plaintiff's first set of interrogatories (Doc. 85 at 3); and 2) Plaintiff seeks to take a second deposition of Devin (Doc. 85 at 4).

Regarding issue 1, Plaintiff is correct that under Local Rule Civil 33.1(b) a response to an interrogatory must include a verification, and under Federal Rule of Civil Procedure 33(b)(5) the responses must be signed. *See Reed v. Barcklay*, No. CV-11-1339-PHX-JAT (BSB), 2013 WL 12177162, at *1 (D. Ariz. Apr. 30, 2013) (discussing the adequacy of the signature and the verification under these Rules). In his response, Devin offers no argument as to why he should not be required to comply. (Doc. 86). Accordingly, this portion of Plaintiff's discovery motion will be granted.

Regarding issue 2, Plaintiff seeks to take a second deposition of Devin because, Plaintiff claims, Plaintiff has evidence that Devin did not give truthful answers in his first

deposition. In his response, Devin opposes a second deposition. (Doc. 86).

> Fed. R. Civ. P. 30(a)(2)(A)(ii) requires a party to obtain leave in order to reopen a deposition. A court must limit such discovery if
>
>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.
>
> Fed. R. Civ. P. 26(b)(2)(C). A court may exercise discretion in deciding a motion to reopen a deposition. *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996). Courts disfavor repeat depositions, except in certain circumstances, which include the "long passage of time with new evidence [and] new theories added to the complaint." *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989).
>
> **Inconsistent or contradictory testimony is not enough by itself to justify reopening a deposition.** *Bookhamer v. Sunbeam Products Inc.*, No. C 09-6024 EMC (DMR), 2012 WL 5188302 (N.D. Cal. 2012) (New deposition was ruled improper in wrongful death case despite documents demonstrating that the deponent "committed perjury in her deposition, because ... she knew about [and denied] the decedent's drug use and neglect"); *E.E.O.C. v. Prod. Fabricators Inc.*, 285 F.R.D. 418, 422-23 (D. Minn. 2012) (Defendants were not allowed to re-depose Plaintiff about previous shoulder pain despite the fact that Plaintiff failed to disclose his medical records before the deposition and did not disclose his chronic shoulder pain at deposition when asked about "prior workplace injuries"); *Cunningham v. D.C. Sports and Ent. Commn.*, No. CIVA 03-839 RWR/JMF, 2005 WL 4898867, *5 (D.D.C. 2005) (Defendants were not entitled to re-depose Plaintiff "about any discrepancies between his claims of longstanding and severe injuries and that which is revealed by [a surveillance] videotape").

*Barten v. State Farm Mut. Auto. Ins. Co.*, No. CV-12-399-TUC-CKJ (LAB), 2014 WL 11512606, at *2 (D. Ariz. July 8, 2014) (emphasis added).

Consistent with *Barten* and the cases cited therein, this Court finds that even if Plaintiff is correct that Devin did not give truthful answers in his first deposition (which Devin disputes (Doc. 86)) that fact would not justify a second deposition. Accordingly, this part of the motion will be denied.

Based on the foregoing,

**IT IS ORDERED** that Devin must sign and verify his responses to Plaintiff's first set of interrogatories within 14 days of this Order;[1]

---

[1] Plaintiff's request for attorney's fees is denied without prejudice to seeking fees if Devin fails to comply with this Order.

- 2 -

**IT IS FURTHER ORDERED** that Plaintiff's request to re-depose Devin is denied;

**IT IS FURTHER ORDERED** that Doc. 85 is granted in part and denied in part as specified above; and,

**IT IS FURTHER ORDERED** that the motion to strike (Doc. 88) Devin's response is denied.

Dated this 29th day of March, 2023.

James A. Teilborg
Senior United States District Judge