WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC,<br><br>Plaintiff,<br><br>v.<br><br>Sara Lihong Wei Lafrenz, et al.,<br><br>Defendants. | No. CV-21-01497-PHX-JAT<br><br>**ORDER** |

Pending before the Court is a motion to quash filed by Nonparty Xin Zhang. Plaintiff previously attempted to amend the complaint in this case and add Xin Zhang as a party. (Doc. 82). However, the Court denied the motion to amend. (Doc. 96).

The motion to amend was filed on January 20, 2023. (Doc. 82). On January 27, 2023, Plaintiff issued a subpoena to Xin Zhang's cell phone provider to produce records for Xin Zhang's phone number (and Defendant Wang's phone number). (Doc. 87 at 4).

On February 14, 2023, Xin Zhang filed a motion to quash the subpoena. (Doc. 87). The motion to quash does not specify if it seeks to quash only the portion of the subpoena that relates to Xin Zhang, or if it also seeks to quash the portion related to Defendant Wang. To the extent the motion to quash includes Defendant Wang's records, the Court agrees with Plaintiff that Xin Zhang, a pro se, cannot bring a motion on Defendant Wang's behalf. Thus, the motion to quash is denied as to Defendant Wang.[1]

---

[1] Additionally, Plaintiff states that Defendant's Wang's records have already been produced. (Doc. 92 at 7). As to Xin Zhang, the letter from the cell phone provider stated that they must receive a copy of a motion to quash by February 16, 2023, or they would produce the documents. (Doc. 87 at 3). Xin Zhang filed his motion to quash on February

1   With respect to the portion of the motion to quash related to Xin Zhang's records, Plaintiff specifically seeks: "subscriber information, billing and payment information (including invoices, bills, and payment records), incoming and outgoing call records, and incoming and outgoing text message records from January 2, 2020 through the present for two phone numbers: 785-320-\*\*\*\*; and 814-321-\*\*\*\*." (Doc. 92 at 5-6) (internal quotations omitted). Plaintiff states that the number beginning 785 belongs to Xin Zhang.

Plaintiff summarizes the pro se motion to quash as follows: "Read generously, the Motion to Quash appears to argue that the Subpoena should be quashed on three separate grounds: 1) that the information sought is not relevant; 2) that the information is protected from discovery as 'personal'; and 3) that the subpoena is otherwise improper because both MOS and Zhang are parties in the *G-Service* Case." (Doc. 92 at 6-7). The Court agrees with Plaintiff that this is a reasonable interpretation of what Xin Zhang is attempting to argue.

Taking the first and second arguments together, courts have discussed the sliding scale of relevance and need on the part of the plaintiff weighed against the burden the request poses on the nonparty:

> …[N]on-parties are entitled to special consideration when it comes to subpoena requests under Rule 45. *See, e.g.*, *Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). As one treatise explains:
>
>> [W]hen used improperly or too zealously, subpoenas can cause significant hardship to ... nonparties. And while the discovery rules generally seek to avoid undue burdens, that concern is particularly important in the subpoena context precisely because the nonparty targets of the subpoenas do not have a direct stake in the lawsuit.... [Thus], we do not expect [nonparties] to shoulder the same types of discovery burdens as the parties and are therefore quicker to find that the burden or expense in question is undue and offer protection as needed to alleviate it.
>
> 1 Gensler, *Federal Rules of Civil Procedure, Rules and Commentary, Rule 45*, at 1370 (2022). "The proper way to afford this special consideration is to 'weigh the burden to the subpoenaed party against the value of the information to the serving party. Generally, this requires consideration of relevance, the need of the party for the documents, the breadth of the

---

14, 2023. Thus, the Court assumes a copy of such motion to quash was timely given to the cell phone provider and that Xin Zhang's records still have not been produced.

> document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Aquastar Pool Prods.*, 2019 WL 250429 at *3 (quoting *Soto v. Castlerock Farming & Transport, Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012)). *See also Eichler v. Sherbin*, 520 F. App'x 560, 562 (9th Cir. 2013) (quoting *Dart Indus.*, 649 F.2d at 649, for the proposition that "limitations on discovery 'may be broader when a nonparty is the target of discovery'"). As part of this inquiry, the Court may evaluate whether information requested through a non-party subpoena is readily available from a party. *See, e.g., Duong v. Groundhog Enterprises, Inc.*, 2020 WL 2041939, *7 (C.D. Cal. 2020); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005).

*Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 81–82 (D. Ariz. 2022).

Similarly, another court in this district has stated,

> Rule 45(d)(3)(A) permits a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv); *see also Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 10409840, at *1 (D. Ariz. Nov. 6, 2017). It also permits a court to quash or modify a subpoena requiring disclosure of confidential commercial information "[t]o protect a person subject to or affected by [it]." Fed. R. Civ. P. 45(d)(3)(B)(i). Relatedly, Rule 26(c) requires that a court limit the extent of discovery, including that which is obtained by a subpoena, if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(c)(i), (iii). Rule 26(b)(1) in turn broadly permits "discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added).
> "The mere 'relevance' standard, however, does not apply to non-parties." *R. Prasad Indus. v. Flat Iron Envtl. Solutions Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, *2 (D. Ariz. June 20, 2014) (citing *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted ..., the 'necessary' restriction may be broader when a nonparty is the target of discovery.")). "To obtain discovery from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *R. Prasad Indus.*, 2014 WL 2804276, *2.

*AmSurg Holdings Inc. v. Anireddy*, No. CV-17-04181-PHX-SMB, 2020 WL 1703617, at *2 (D. Ariz. Apr. 8, 2020).

In considering the nonparty's interest in nondisclosure, several courts have noted a person has a privacy interest in their cell phone records. *Clay v. Lambert*, 17-CV-00085-PAB-MEH, 2017 WL 4755152, at *4 (D. Colo. Oct. 20, 2017) ("a reasonable person would not expect the numbers they dial on their personal cell phone to become public knowledge."); *Kizer v. Starr Indem. & Liab. Co.*, No. CIV-18-846-D, 2019 WL 2017556,

at *2–3 (W.D. Okla. May 6, 2019) (same); *Winter v. Bisso Marine Co.*, No. CIV.A. 13-5191, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) (quashing a subpoena for the plaintiff's cell phone records).

As quoted above, Plaintiff seeks all of Xin Zhang's ingoing and outgoing call records, billing and payment records, and text messages for a three-year period. Plaintiff claims that these records could show Xin Zhang's relationship with Six Pines Investment, LLC and G-Service. (Doc. 92 at 3-4). Plaintiff also claims that Xin Zhang's information might discredit testimony Defendant Xiuzhu "Devin" Wei gave at his deposition. (Doc. 92 at 5).

As discussed, the object of the subpoena, Xin Zhang, is not a party to this case. Further Six Pines Investment, LLC and G-Service are also not parties to this case. Plaintiff claims that these relationships are relevant because the money that Defendant Sara Lihong Wei Lafrenz ("Sara") allegedly misappropriated may have been transferred to some of these individuals or entities. Given that the motion to amend to add all of these parties to this case has been denied, (Doc. 96), these relationships are only relevant to Plaintiff's collection efforts and/or to Plaintiff's ability to bring another lawsuit against these nonparties. Thus, whether the Defendants in this case transferred some money to these nonparties is of little relevance to the liability of, and remedies against, the Defendants in this case.

As to Plaintiff's allegation that Xin Zhang's phone records may show Devin was not truthful in his deposition, the intrusion of subpoenaing three-years of Xin Zhang's records, including all text messages, far outweighs any relevance to this case. Perhaps Plaintiff could issue a subpoena to Xin Zhang's cell phone provider specifically seeking records related to Devin's phone number. But Plaintiff cannot subpoena all phone records of all potentially related nonparties to this case merely because some of the records therein *might* show Devin to be untruthful. Thus, the Court finds the scope of the subpoena to be overly broad and minimally relevant due to its breadth. Therefore, the subpoena will be quashed.

As to Xin Zhang's final argument that the parties are in litigation in a parallel action in state court, which involves some of the same money, Plaintiff is generally correct that the mere fact that the parties are in litigation in more than one forum does not require that discovery take place only in a single forum. However, that is not the whole picture in this case.

Again, as discussed above, Xin Zhang is not a party to this case, but is a party in the state court case.[2] Plaintiff asked the state court to begin discovery in the state court case, and that request was denied. (Doc. 92 at 10). Plaintiff cannot get around the state court judge's order by taking discovery in this case, from a party to that case, in this forum. Thus, the status of the state court case and the judge's rulings therein also weighs against allowing tangential discovery against nonparties in this case because the purpose of the subpoena appears to be (at least in part) to take discovery that is relevant to the state court proceedings.

Thus, for all of the foregoing reasons,

**IT IS ORDERED** that the motion to quash (Doc. 87) is granted as to Xin Zhang. Xin Zhang's cell phone provider should not turn over his phone records in response to the subpoena in this case.[3]

Dated this 30th day of March, 2023.

James A. Teilborg
Senior United States District Judge

---

[2] In a prior order, this Court summarized the state court case as follows: "there is parallel litigation pending in Maricopa County Superior Court because a bank that was being utilized for some part of this transaction became concerned about the true owner of the funds and, via an interpleader action, deposited $8,909,024.07 with that court. Plaintiff in this case has made a claim to those funds." (Doc. 96 at 10). As the Court understands it, Xin Zhang and other claimants have also made a claim to those funds.

[3] This Order is, of course, without prejudice to the judge in the state court case referenced in footnote 2 ordering this discovery if appropriate in that case.