**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC, | No. CV-21-01497-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Sara Lihong Wei Lafrenz, et al., | |
| Defendants. | |

One March 30, 2023, the Court issued the following Order:

> On September 2, 2021, and September 24, 2021, this Court required Plaintiff to file supplements to the complaint establishing federal subject matter jurisdiction. (Doc. 8 and 10). Plaintiff filed those supplements. (Docs. 9 and 42).
> Recently, the Court has been called upon to rule on several outstanding issues in this case including a motion for default judgment, a motion to amend the complaint, and three separate discovery disputes. In particular, the details revealed in the discovery disputes regarding the parties to this case have again caused the Court to question its jurisdiction.
> Specifically, the facts underlying the discovery disputes suggest that all parties have a close relationship either now or historically to a foreign country. This Court does not have diversity jurisdiction over exclusively foreign nationals. *See Faysound Ltd. v. United Coconut Chems*., 878 F.2d 290, 294 (9th Cir. 1989) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants."); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.,* 20 F.3d 987, 990–91 (9th Cir. 1994) (one United States citizen plaintiff or defendant will not establish diversity if there is a foreign plaintiff and a foreign defendant).
> The Court has again reviewed the second supplement regarding jurisdiction (Doc. 42) which claims, for example, that the sole member of Plaintiff is a citizen of New York. However, the supplement never claims that that person is a citizen of the United States. Further, the person's affidavit does not state that the person votes in New York or elsewhere in the United States. (Doc. 42-3 at 103-104). Thus, this Court will again inquire into its jurisdiction. Therefore,

**IT IS ORDERED** that by April 13, 2023, Plaintiff must file a supplement to the second amended complaint stating the country of citizenship of all parties to this case so this Court may assess federal subject matter jurisdiction.

(Doc. 98).

Plaintiff timely responded. (Doc. 103). Plaintiff admitted that Plaintiff is a foreign national. (*Id.*). Plaintiff further admitted that foreign nationals suing each other is not a basis for diversity jurisdiction in federal court. (*Id.*). Plaintiff never affirmatively states whether any Defendants are foreign nationals. (*Id.*). However, Plaintiff notes that Defendant Jian Peng was previously dismissed. (Doc. 26). And Plaintiff filed documents seeking to dismiss Xiuzhu ("Devin") Wei, Jianjun Wang, and Maywind Trading LLC. (Docs. 100, 101, and 102). (Defendant Xiuzhu ("Devin") Wei stated in his deposition that he is a United States Citizen (Doc. 103 at 10), so the Court is unclear if the timing of his dismissal is just coincidental).

Plaintiff then argues that even if any of the four dismissed Defendants were foreign nationals at the time this case was filed, their citizenship no longer matters because they have been dismissed. (Doc. 103 at 4-5). Further, Plaintiff notes that the only two remaining Defendants (after the above referenced dismissals) would be: Sara Lihong Wei Lafrenz and Qisheng Chen. Plaintiff then alleges that both Sara Lihong Wei Lafrenz and Qisheng Chen are United States Citizens.

The first question at this point is whether this Court can disregard the citizenship of the parties at the time this case was filed (August 31, 2021) through April 2023 for purposes of jurisdiction and instead consider only whether jurisdiction exists today. The United States Supreme Court has stated:

> It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (citation and footnote omitted).

Notwithstanding this language, all district court and court of appeals' decisions located by this Court recognize many exceptions to diversity jurisdiction being required on the date the case is filed. *See, e.g., United Food Grp., LLC v. Cargill, Inc.*, No. CV 11-7752 SS, 2015 WL 13868996, at *4–5 (C.D. Cal. June 8, 2015) (collecting cases in various circumstances). Perhaps most on point, the Ninth Circuit Court of Appeals has stated:

> Infuturia argues that diversity jurisdiction does not lie under 28 U.S.C. § 1332(a)(2) because (1) jurisdiction is determined at the time of removal, and the parties were not diverse when this case was removed to federal court; and (2) Sequus, as a forum defendant, could not have originally removed the case to federal court even if it had been the only defendant sued. We disagree with Infuturia's arguments, because they raise statutory rather than jurisdictional objections. Both the forum defendant rule and the requirement for diversity at the time of removal are statutory requirements imposed by the general removal statute, 28 U.S.C. § 1441, not jurisdictional requirements. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004) (holding the requirement that there be diversity at the time of removal is a statutory, non-jurisdictional requirement imposed by 28 U.S.C. § 1441(a)). …
> Although the court lacked diversity jurisdiction at the time of removal because there were foreign citizens on both sides of the case, *see Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas*, 20 F.3d 987, 990 (9th Cir. 1994), this jurisdictional defect was cured by Infuturia's dismissal in its Second Amended Complaint of the foreign defendants that originally destroyed diversity, *see Grupo Dataflux*, 541 U.S. at 572 (stating that a jurisdictional defect can be cured by the dismissal of the party that had destroyed diversity). Only two parties remained under the Second Amended Complaint: Infuturia (a citizen of the British Virgin Islands) and Sequus (a citizen of California). Thus, the district court had diversity jurisdiction under 28 U.S.C. § 1332(a)(2) (which states that "district courts shall have original jurisdiction of all civil actions ... between citizens of a State and citizens or subjects of a foreign state").

*Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011).

Thus, the Court will, as necessary, dismiss the Defendants Plaintiff seeks to dismiss and consider the jurisdiction-destroying-concerns raised by those Defendants to be "cured" by the dismissals. *See id*.

However, the Court is not without a remaining jurisdiction-destroying-concern related to Sara Lihong Wei Lafrenz. Sara Lihong Wei Lafrenz is in default (Docs. 39 and 84) and therefore cannot be forced to answer questions about her citizenship. However, if Sara Lihong Wei Lafrenz is not a United States citizen, this Court must dismiss this case, even as to United States citizen Defendant Qisheng Chen. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas*, 20 F.3d 987, 990 (9th Cir. 1994).

As Plaintiff correctly notes, "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." (Doc. 103 at 2 quoting *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)). Here, Plaintiff offers two pieces of evidence to support its factual allegation that Sara Lihong Wei Lafrenz is a United States citizen.

First, Plaintiff offers the deposition of her son, Xiuzhu ("Devin") Wei. Devin testified at his deposition as follows:

"Q. And is your mother a U.S. citizen?

A. I believe so.

Q. Okay. Do you believe or do you know?

A. I don't know. I believe so.

Q. Okay. And why do you believe so, sir?

A. Because we've been here for ten plus years. That's just the process."

(Doc. 103 at 10-11) (The deposition was taken in North Carolina (Doc. 103 at 9), so the Court interprets "here" to mean the United States).

Second, Sara Lihong Wei Lafrenz filled out a form with a bank in which she attested that she is either a "U.S. citizen or other U.S. Person." (Doc. 103 at 13). Plaintiff does not undertake to define "other U.S. Person."

The Court finds that the foregoing does not establish, by a preponderance of the evidence, that Sara Lihong Wei Lafrenz is a citizen of the United States. First, her son does not claim to know whether she is a citizen of the United States. Further, his conclusion that someone who has been in the country 10 years must have become a citizen along the way is not legally supported. Finally, his testimony confirms that he thinks she must become a citizen, not that she was a United State citizen at birth. Second, the bank form directs the Court to the Internal Revenue Services' instructions for a form W-9 for the definition of an "other U.S. Person." (Doc. 103 at 13). The IRS defines this term to include resident aliens, a partnership, corporation, association or company organized in the United

States, a domestic estate or a domestic trust. https://www.irs.gov/pub/irs-pdf/fw9.pdf (last visited May 2, 2023). Thus, the fact that Sara Lihong Wei Lafrenz attested that she is an "other U.S. Person" (or citizen) is certainly not proof that she is or ever claimed to be a U.S. citizen. Moreover, she signed as "president" perhaps indicating she was not even signing in her personal capacity. (Doc. 103 at 13).

Because Plaintiff has failed to establish by a preponderance of the evidence that Sara Lihong Wei Lafrenz is a United States citizen, Plaintiff must either further "cure" the jurisdictional deficiency in this case by voluntarily dismissing Sara Lihong Wei Lafrenz, and proceed against only Qisheng Chen; or the Court will dismiss this case, without prejudice, for lack of federal subject matter jurisdiction. The Court will note that, should Plaintiff choose to move for reconsideration and present additional evidence regarding Sara Lihong Wei Lafrenz's citizenship, the Court hereby imposes on Plaintiff an affirmative duty to present to the Court both evidence that would tend to support Plaintiff's argument that Sara Lihong Wei Lafrenz is a United States citizen and any evidence in Plaintiff's possession, custody, or control that would tend to detract from Plaintiff's argument. Specifically, the Court would be surprised if, accepting the allegations in the complaint as true, Plaintiff and its associates transferred to Sara Lihong Wei Lafrenz somewhere between 4.6 million dollars and 90 million dollars (Doc. 84 at 2), and yet they do not have a single piece of identification for her like a passport or social security number. Perhaps this is true, or perhaps Plaintiff has not submitted all evidence. Regardless, the Court makes clear that Plaintiff has an affirmative duty to present any such evidence.

Accordingly,

**IT IS ORDERED** that Defendant Maywind Trading LLC is deemed to be voluntarily dismissed based on Doc. 102. The entry of default at Doc. 34 and the portion of Doc. 84 that addresses Maywind Trading LLC are both vacated.

**IT IS FURTHER ORDERED** that the Stipulation to Dismiss Defendant Xiuzhu ("Devin") Wei (Doc. 100) is granted. Xiuzhu ("Devin") Wei is dismissed from this case.

**IT IS FURTHER ORDERED** that the Stipulation to Dismiss Jianjun Wang (Doc.

1 | 101) is granted.  Jianjun Wang is dismissed from this case.

**IT IS FURTHER ORDERED** that, within 14 days of the date of this Order, Plaintiff must also dismiss Sara Lihong Wei Lafrenz or this case will be dismissed for lack of federal subject matter jurisdiction.

Dated this 3rd day of May, 2023.

_____
James A. Teilborg
Senior United States District Judge