**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC, | No. CV-21-01497-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Sara Lihong Wei Lafrenz, et al., | |
| Defendants. | |

One March 30, 2023, the Court issued the following Order:

> On September 2, 2021, and September 24, 2021, this Court required Plaintiff to file supplements to the complaint establishing federal subject matter jurisdiction. (Doc. 8 and 10). Plaintiff filed those supplements. (Docs. 9 and 42).
> Recently, the Court has been called upon to rule on several outstanding issues in this case including a motion for default judgment, a motion to amend the complaint, and three separate discovery disputes. In particular, the details revealed in the discovery disputes regarding the parties to this case have again caused the Court to question its jurisdiction.
> Specifically, the facts underlying the discovery disputes suggest that all parties have a close relationship either now or historically to a foreign country. This Court does not have diversity jurisdiction over exclusively foreign nationals. *See Faysound Ltd. v. United Coconut Chems*., 878 F.2d 290, 294 (9th Cir. 1989) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants."); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.,* 20 F.3d 987, 990–91 (9th Cir. 1994) (one United States citizen plaintiff or defendant will not establish diversity if there is a foreign plaintiff and a foreign defendant).
> The Court has again reviewed the second supplement regarding jurisdiction (Doc. 42) which claims, for example, that the sole member of Plaintiff is a citizen of New York. However, the supplement never claims that that person is a citizen of the United States. Further, the person's affidavit does not state that the person votes in New York or elsewhere in the United States. (Doc. 42-3 at 103-104). Thus, this Court will again inquire into its jurisdiction. Therefore,

**IT IS ORDERED** that by April 13, 2023, Plaintiff must file a supplement to the second amended complaint stating the country of citizenship of all parties to this case so this Court may assess federal subject matter jurisdiction.

(Doc. 98).

On May 3, 2023, the Court issued the following order (in relevant part) regarding the citizenship of Sara Lihong Wei Lafrenz ("Sara"):

> …Plaintiff admitted that Plaintiff is a foreign national. (*Id.*). Plaintiff further admitted that foreign nationals suing each other is not a basis for diversity jurisdiction in federal court. (*Id.*). Plaintiff never affirmatively states whether any Defendants are foreign nationals. (*Id.*). However, Plaintiff notes that Defendant Jian Peng was previously dismissed. (Doc. 26). And Plaintiff filed documents seeking to dismiss Xiuzhu ("Devin") Wei, Jianjun Wang, and Maywind Trading LLC. (Docs. 100, 101, and 102).
> …
> Plaintiff then argues that even if any of the four dismissed Defendants were foreign nationals at the time this case was filed, their citizenship no longer matters because they have been dismissed. (Doc. 103 at 4-5). Further, Plaintiff notes that the only two remaining Defendants (after the above referenced dismissals) would be: Sara Lihong Wei Lafrenz and Qisheng Chen. Plaintiff then alleges that both Sara Lihong Wei Lafrenz and Qisheng Chen are United States Citizens.
> …
> [T]he Court [still has] a remaining jurisdiction-destroying-concern related to Sara Lihong Wei Lafrenz. Sara Lihong Wei Lafrenz is in default (Docs. 39 and 84) and therefore cannot be forced to answer questions about her citizenship. However, if Sara Lihong Wei Lafrenz is not a United States citizen, this Court must dismiss this case, even as to United States citizen Defendant Qisheng Chen. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas*, 20 F.3d 987, 990 (9th Cir. 1994).
> As Plaintiff correctly notes, "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." (Doc. 103 at 2 quoting *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)). Here, Plaintiff offers two pieces of evidence to support its factual allegation that Sara Lihong Wei Lafrenz is a United States citizen.
> [recitation of the evidence omitted]
> The Court finds that the foregoing does not establish, by a preponderance of the evidence, that Sara Lihong Wei Lafrenz is a citizen of the United States. …
> Because Plaintiff has failed to establish by a preponderance of the evidence that Sara Lihong Wei Lafrenz is a United States citizen, Plaintiff must either further "cure" the jurisdictional deficiency in this case by voluntarily dismissing Sara Lihong Wei Lafrenz, and proceed against only Qisheng Chen; or the Court will dismiss this case, without prejudice, for lack of federal subject matter jurisdiction. The Court will note that, should Plaintiff choose to move for reconsideration and present additional evidence regarding Sara Lihong Wei Lafrenz's citizenship, the Court hereby imposes on Plaintiff an affirmative duty to present to the Court both evidence that would tend to support Plaintiff's argument that Sara Lihong Wei Lafrenz is a United States citizen and any evidence in Plaintiff's possession, custody,

> or control that would tend to detract from Plaintiff's argument. Specifically, the Court would be surprised if, accepting the allegations in the complaint as true, Plaintiff and its associates transferred to Sara Lihong Wei Lafrenz somewhere between 4.6 million dollars and 90 million dollars (Doc. 84 at 2), and yet they do not have a single piece of identification for her like a passport or social security number. Perhaps this is true, or perhaps Plaintiff has not submitted all evidence. Regardless, the Court makes clear that Plaintiff has an affirmative duty to present any such evidence.
> ….

(Doc. 104).

Plaintiff has moved to reconsider the May 3, 2023 Order. Specifically, Plaintiff seeks reconsideration of the Court's conclusion that Plaintiff failed to establish by a preponderance of the evidence that Sara is a United States citizen. (Doc. 106). Plaintiff now presents new evidence of Sara's citizenship. The new evidence is Sara's U.S. passport which Plaintiff argues proves Sara is a United States Citizen. (Doc. 106 at 11) (citing *Magnuson v. Baker*, 911 F.2d 330, 336 (9th Cir. 1990) and 22 U.S.C. § 2705(1)). Plaintiff states that it only recently obtained a copy of Sara's passport.

The Court finds that Sara having a U.S. passport that is in effect from 2014 to 2024 meets Plaintiff's burden of establishing by a preponderance of the evidence that Sara is a United States citizen. As a result, on this record, the Court finds that diversity jurisdiction exists between Plaintiff and the two remaining Defendants: Sara Lihong Wei Lafrenz and Qisheng Chen. The discovery dispute between Plaintiff and Qisheng Chen (Doc. 94) remains pending.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 106) is granted to the extent that Plaintiff does not have to dismiss Sara Lihong Wei Lafrenz as was required in the Order at Doc. 104.

Dated this 2nd day of June, 2023.

James A. Teilborg
Senior United States District Judge