WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Qisheng Chen,<br><br>　　　　　Defendant. | No. CV-21-01497-PHX-JAT<br><br>**ORDER** |

**I.     Background Regarding Discovery In this Case**

On February 28, 2023, Plaintiff and Qisheng Chen filed a motion indicating that they have a discovery dispute. (Doc. 94). Thereafter, the Court ruled on Plaintiff's motion to amend the complaint (Doc. 96), Plaintiff's discovery dispute with Devin (Doc. 97), Plaintiff's discovery dispute with Xin Zhang (Doc. 99), and raised the issue of jurisdiction again (Doc. 98). Plaintiff responded to the Court's third order regarding jurisdiction by dismissing certain Defendants to "cure" the fact that this Court did not have diversity jurisdiction over this case. (Doc. 104). However, the Court still questioned jurisdiction. (*Id.*). Plaintiff filed a motion for reconsideration regarding the Court's fourth order regarding jurisdiction (Doc. 106), which the Court ruled on (Doc. 107). The Court has thus far delayed ruling on the Qisheng Chen discovery dispute while the Court determined whether it has jurisdiction over this case.

At this point, Plaintiff and Defendant Qisheng Chen are the only remaining parties

to this case.[1]  Since February 28, 2023, the discovery deadline (May 19, 2023) and the dispositive motion deadline (June 9, 2023) have both expired.  Neither remaining party has sought an extension of these deadlines.

**II.     February 28, 2023 Discovery Dispute**

In the February 28, 2023 discovery dispute, Plaintiff seeks to compel Defendant Chen's responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production ("RFP").[2]

**A.     Protective Order Issue**

With respect to the majority of the requests, Defendant Chen did not object, but instead said he would respond after the entry of an appropriate protective order.  The specific requests to which Chen did not object are: Interrogatories 1-2 which asked Defendant Chen to identify all LLCs he has been a member of and all bank accounts he has had access to since January 1, 2020; Interrogatory 3 which asked Defendant Chen to identify all bank accounts held by Six Pines, LLC ("Six Pines"), an entity in which he is a member and de facto manager; Interrogatories 11-15 which asked Defendant Chen to identify all facts that support the affirmative defenses in paragraphs 102-105 of his Answer and his denial in his answer of the allegation that he received Loan Program funds from now-dismissed-Defendant Maywind; Interrogatories 15-16 which asked Defendant Chen to identify all payments and communications he has received from Defendant Sara Wei and entities she controlled; RFP 1 which asked Defendant Chen to produce any documents that support Defendant Chen's responses to Plaintiff's interrogatories; RFPS 4-8, 11, and 12 which asked Defendant Chen to produce various corporate records of Six Pines, including any loan agreements; RFPs 12-17 and 21-26 which asked Defendant Chen to produce any communications with the other Defendants, several organizations controlled by Sara Wei, and other individuals affiliated with Sara Wei and the Loan Program; and RFP 27 which asked Defendant Chen to produce any documents related to the Loan

---

[1]  Sara Lihong Wei Lafrenz is still a Defendant in this case, but is in default.

[2]  Plaintiff propounded these discovery requests on May 4, 2022, but chose not to seek Court intervention until February 28, 2023.

Program, as defined in the Second Amended Complaint (Doc. 22). (Doc. 94).

As indicated in footnote 2 above, these requests were propounded on May 4, 2022. On July 20, 2022, the parties stipulated to a global protective order (Doc. 71), which the Court denied without prejudice for being overly broad and non-specific (Doc. 72). Defendant Chen never moved for a protective order thereafter. In the discovery dispute filed on February 28, 2023, Defendant Chen still does not move for a protective order, but states that a protective order would be beneficial because, "Details of this case and similar cases have already been spread on Chinese social media sites and a protective order would ensure this information doesn't get leaked as well." (Doc. 94 at 4).

In the Order at Doc. 72, the Court discussed the good cause requirement for a protective order, including citing and discussing numerous cases explaining this standard. Nonetheless, Defendant Chen has made no effort to meet the standard. "It is well-established that the fruits of pretrial discovery are…presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). Thus, the mere fact that "details" of this case, which may or may not have come from discovery, have circulated on social media is not a "leak" nor is it "good cause" for the issuance of a protective order.

Further, between the filing of the February 28, 2023 discovery dispute and the close of discovery on May 19, 2023, knowing Plaintiff took the position that it was Defendant Chen's burden to seek a protective order and meet the good cause standard, Defendant Chen still did not seek a protective order. Plaintiff is correct that seeking a protective order was Defendant Chen's burden. "For good cause to exist under Rule 26(c), '**the party seeking protection bears the burden of showing** specific prejudice or harm will result if no protective order is granted.'" *AGA Shareholders, LLC v. CSK Auto, Inc.,* 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (emphasis added)). The party seeking protection "must make a 'particularized showing of good cause with respect to [each] individual document.'" *Id.* (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir.

1999)).

On this record, the Court finds Defendant Chen has failed to show good cause that would entitle him to a protective order and has waived/forfeited the right to file a request for a protective order at this point by his lack of diligence. Accordingly, Defendant Chen will be required to respond to each of the foregoing discovery requests within 21 days of the date of this Order.

### B. Six Pines

In Interrogatories 5-8, Defendant Chen was asked to identify all assets, liabilities, and payments of Six Pines between December 2020 to the present. Defendant Chen objected to these interrogatories on the grounds that the "information sought is impermissible net worth discovery." RFP 3 and 10 asked Defendant Chen for Six Pines' tax returns and bank statements since 2020. Defendant Chen objected that the information is confidential and beyond the scope of discovery. RFPs 18-20 asked Defendant Chen to produce non-privileged communications with Diamondback Legal and any engagement letter between Diamondback Legal and Six Pines. Defendant Chen objected on the ground the information sought is confidential and beyond the scope of discovery.

Plaintiff responds and argues that each request concerns funds received and spent by Defendant Chen and Six Pines, an entity Plaintiff alleges Defendant Chen controls and that Plaintiff believes was funded by Defendants with funds from Plaintiff and other Loan Program participants without their consent. Thus, Plaintiff argues that this information is highly relevant as it goes to the core of Plaintiff's claims for conversion and unjust enrichment against Defendant Chen. (Doc. 94). Defendant Chen replies that as to these requests regarding Six Pines, it is Defendant Chen's understanding that this is a new party that Plaintiff is trying to bring into the case. As of now, this is a non-party and seeking discovery through Defendant Chen is an attempt to disregard the protections of the entity structure.

Turning to Defendant Chen's last argument first, the Court has as of now denied the motion to file a third amended complaint (Doc. 96), and Six Pines is not a party to this

case. However, the Court does not find Six Pines party status to be an "objection" to Defendant Chen producing documents in his possession, custody or control. To that point, Defendant Chen's argument that discovery directed at him, "disregards the protections of the entity structure" does not excuse him from producing responsive documents in his possession, custody or control. Therefore, these two arguments are rejected.

Turning to Defendant Chen's objections, Defendant Chen does not substantiate his argument that the information is "confidential." Defendant Chen does not argue that the information is "privileged." "Confidentiality is not a bar to discovery." *Berkadia Real Est. Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2023 WL 2142674, at *2 (D. Ariz. Feb. 21, 2023) (internal quotation and citation omitted). Thus, Defendant Chen's objection that this information is confidential is overruled.

Turning to Defendant Chen's argument that the information sought is "beyond the scope of discovery" because there is no order limiting discovery in this case, the Court will assume Defendant Chen is in fact arguing that this information is not relevant to this case. The Court agrees with Defendant Chen that Plaintiff has not shown how financial information of Six Pines is relevant to this case. If Defendant Chen converted Plaintiff's money or was unjustly enriched by Plaintiff's money, Defendant Chen will owe the money back regardless of how Defendant Chen may have spent the money. Thus, while these inquires may be relevant at a judgment debtor's examination if Plaintiff prevails at trial, they are not relevant to Defendant Chen's liability in this case. Therefore, Defendant Chen's objections regarding his duty to turn over information related to Six Pines are sustained.

### C. Defendant Chen's tax returns and bank statements

RFP 2 and 10 asked Defendant Chen to produce his tax returns and bank statements since 2020. Defendant Chen objected that the information is confidential and beyond the scope of discovery. For the same reasons stated above, Defendant Chen's "confidential" objection is overruled.

Regarding Defendant Chen's relevance objection as to his tax returns, "Tax returns

do not enjoy an absolute privilege from discovery." *Premium Serv. Corp. v. Speery & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Stokwitz v. United States*, 831 F.2d 893 (9th Cir. 1987). However, tax documents are not discoverable until the requesting party has exhausted its reasonable efforts to obtain equivalent information by other means. *See Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, 1995 WL 625962, at *14, n. 2 (D. Kan. Oct. 5, 1995) ("courts generally do not allow discovery of income tax returns without a showing that the discovering party has exhausted reasonable efforts to obtain the substantial equivalent of the relevant information by other means"); *Westfall v. Ass'n of Universities for Rsch. in Astronomy*, No. CV-22-00161-TUC-RM, 2023 WL 1782120, at *14 (D. Ariz. Feb. 6, 2023) (same). Here, Plaintiff has not shown it has exhausted all other means, therefore, Defendant Chen's objection as to his tax returns is sustained.

Regarding Defendant Chen's relevance objection as to his bank statements, generally information about current net worth is only discoverable when punitive or exemplary damages are sought. *See generally ReBath LLC v. HD Sols. LLC*, No. CV-19-04873-PHX-JJT, 2021 WL 1923759, at *7 (D. Ariz. May 13, 2021). Here, the second amended complaint does not seek punitive or exemplary damages. (Doc. 22).

However, Plaintiff argues, as stated above, that Plaintiff believes that Defendant Chen "received and spent" Plaintiff's funds. Defendant Chen's bank account records since 2020 may show transactions that are consistent with this allegation. Accordingly, the Court will overrule the "beyond the scope of discovery" objection as these records relate to the exact allegations in Plaintiff's second amended complaint. However, Defendant Chen may redact the statements prior to disclosure consistent with Federal Rule of Civil Procedure 5.2.

### D. Diamondback Legal

Interrogatories 9 and 10 asked Defendant Chen to identify the scope and dates of any representation of him by attorneys at the Diamondback Legal Group. Defendant Chen objected that this information is not relevant to this case. The Court agrees with Defendant Chen that, on this record, Plaintiff has failed to show how Defendant Chen's representation

(if any) by a particular law firm is relevant. Therefore, this objection is sustained.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the discovery disputes raised in Doc. 94 are overruled or sustained as indicated herein and Doc. 94 is granted in part and denied in part accordingly.

**IT IS FURTHER ORDERED** that Defendant Chen shall respond to each discovery request to which he was required to respond herein within 21 days of this Order.

**IT IS FURTHER ORDERED** that the May 19, 2023 discovery deadline is extended for 21 days from the date of this Order for the limited purpose of allowing Defendant Chen to timely respond as required herein. The otherwise expired discovery deadline and dispositive motion deadline are not extended. An order regarding trial will follow.

Dated this 28th day of June, 2023.

James A. Teilborg
Senior United States District Judge