WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC,<br><br>              Plaintiff,<br><br>v.<br><br>Qisheng Chen,<br><br>              Defendant. | No. CV-21-01497-PHX-JAT<br><br>**ORDER** |

On January 4, 2024, this Court entered final judgment in this case, including a default judgment against Sara Lihong Wei Lafrenz ("Sara") in the amount of $4,550,000.00. (Doc. 127). On February 8, 2024, Sara appeared for the first time and filed a motion to seal. (Doc. 137). In the motion to seal, she indicated that she wanted to file under seal an unredacted copy of a motion set aside the default judgment and that within the motion to set aside she would justify filing under seal. (*Id*.). She also indicated that she would be filing a redacted copy of the motion to set aside on the public docket. (*Id*.).

However, the foregoing is not what Sara did. Instead, she submitted only a redacted copy of the motion to set aside default judgment, which the clerk's office lodged, under seal. (Docs. 138-139). In Doc. 138, Sara says that her basis for seeking to file "certain things" under seal can be found at paragraphs 28-30. (Doc. 138 at 2). However, even in the version lodge under seal, Sara redacted paragraphs 28 and 30. (Doc. 138 at 9). Thus, the Court does not know her alleged basis for sealing. Further, Sara attached 352 pages of exhibits. The Court has not way of knowing what (if any) of these 352 pages are within

1 the "certain things" Sara indicates that she seeks to file under seal. For these reasons, on
2 this record, the Court cannot rule on the motion on its merits.

3 Should Sara choose to re-file, she is cautioned that any motion to seal must meet the
4 standard set out in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80
5 (9th Cir. 2006). Specifically, for a dispositive motion (such as a motion to set aside the
6 judgment), a party must show compelling reasons to file under seal. *Id.* at 1179. Indeed,
7 there is a presumption of access to dispositive filings and attachments, and compelling
8 reasons must be shown to rebut this presumption. *Id.* at 1180. Finally, generalized
9 statements supporting sealing are inadequate; a party must articulate specific facts to justify
10 sealing and must do so with respect to each item sought to be sealed. *Id*. at 1183-84.

11 Additionally, to give notice to all the interested and potentially interested people to
12 this case, if Sara re-files, she must file a redacted version of the motion and the exhibits in
13 the public record first. She may then file a motion to seal and with it lodge an unredacted
14 version of the documents and exhibits. If Sara fails to follow this procedure, any future
15 motions will be denied.

16 Based on the foregoing,

17 **IT IS ORDERED** that the motion to seal (Doc. 137) is denied. The Clerk of the
18 Court shall leave the filings at Docs. 138 and 139 lodged, under seal, but the Court will
19 take no further action on them.

20 Dated this 12th day of February, 2024.

James A. Teilborg
Senior United States District Judge

- 2 -