WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC, | No. CV-21-01497-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Qisheng Chen, Sara Lihong Wei Lafrenz, | |
| Defendants. | |

Previously, several pro se individuals either moved to intervene as a plaintiff in this case, or moved to file electronically indicating they intend to move to intervene. These individuals are: Tao Duan, Pei Wen Hsu, Zhuo Feng and Jingran Yang. Now two additional pro se individuals have moved to file electronically indicating that they intend to move to intervene: Yuehua Qin and Lejian Deng. On January 4, 2024, this Court issued the following order:

> This case was filed in August 2021. Following various issues related to service, this Court held a Rule 16 scheduling conference in June 2022. Thereafter, several Defendants were dismissed.
>
> After several extensions of time, the discovery deadline expired on September 18, 2023. (Doc. 110). Thereafter, the Court set this case for trial. As of the Court's order setting trial (Doc. 118), the only remaining Defendants were Qisheng Chen ("Chen") and Sara Lihong Wei Lafrenz ("Sara"). Sara is in default and is pending the entry of default judgment (Doc. 84).
>
> Plaintiff and Chen (the only Defendant proceeding to trial) have now settled and stipulated to Chen's dismissal. (Doc. 123). Immediately following the stipulation to dismiss Chen, a previously unheard from individual, Tao Duan ("Tao"), moved to intervene in this case (Doc. 124). Tao seeks to intervene as a Plaintiff to pursue damages against Chen.

Tao brings his motion under an Arizona Rule of Civil Procedure, which is inapplicable in Federal Court. Federal Rule of Civil Procedure 24(a)(2)

> […]provides the right to intervene where a person
>
>> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> Fed. R. Civ. P. 24(a)(2); *see League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Applicants for intervention as a matter of right must satisfy a four-part test:
>
>> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.
>
> *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). "Failure to satisfy any one of the requirements is fatal to the application ...." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).

*Miracle v. Hobbs*, 333 F.R.D. 151, 154 (D. Ariz. 2019).

In this case, several firm and imminent deadlines are upcoming including: the final pretrial order is due January 16, 2024, motions in limine are due January 8, 2024, the final pretrial conference is set for February 28, 2024, and trial is set for March 19, 2024. (*See* Doc. 118). Moreover, this case has been pending for approximately two and a half years and all pretrial deadlines set at the Rule 16 scheduling conference have expired. A motion to intervene as a Plaintiff at this late stage is untimely. Tao's failure to satisfy this one requirement is fatal to the application.

> [Federal Rule of Civil Procedure] 24(b) governs permissive intervention. An applicant for intervention under Rule 24(b) must demonstrate: "'(1) independent grounds for jurisdiction; (2) [that] the motion is timely; and (3) [that] the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *United States v. City of L.A.*, 288 F.3d 391, 403 (9th Cir. 2002)). Even where those three elements are satisfied,

> however, the district court retains discretion to deny permissive intervention. *S. Cal. Edison Co.*, 307 F.3d at 803 (citing *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). In exercising its discretion, a court must consider whether intervention will unduly delay or prejudice the original parties and should consider whether the applicant's interests are adequately represented by the existing parties and whether judicial economy favors intervention. *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989); *see* Fed. R. Civ. P. 24(b)(3) (requiring courts to consider undue delay or prejudice to original parties).

*Miracle*, 333 F.R.D. at 156.

Like intervention under Rule 24(a)(2), intervention under Rule 24(b) is also untimely. Further, the Court finds that there would be undue delay to allow intervention at this stage. Therefore, the motion to intervene is denied.

**Conclusion**

**IT IS ORDERED** that the motion to intervene (Doc. 124) is denied. The motion to allow electronic filing (Doc. 122) is denied as moot.

**IT IS FURTHER ORDERED** that the stipulation to dismiss Defendant Qisheng Chen (Doc. 123) is granted; any and all claims asserted by Plaintiff Mountain of Spices, LLC in its Second Amended Complaint against Defendant Qisheng Chen are deemed voluntarily dismissed with prejudice, and Qisheng Chen is deemed voluntarily dismissed from the above-captioned lawsuit.

**IT IS FURTHER ORDERED** that the March 19, 2024 Jury Trial and February 28, 2024 Final Pretrial Conference are both vacated.

**IT IS FURTHER ORDERED** that, consistent with Doc. 84, the Clerk of the Court shall enter final judgment in the amount of $4,550,000 plus post-judgment interest at the applicable federal rate in favor of Plaintiff and against Sara Lihong Wei Lafrenz (who is the only remaining Defendant).

(Doc. 126) (Judgment at Doc. 127).

The currently pending motions to file electronically are premised on the pro se individuals seeking intervenor status. However, seeking intervention would be untimely under either Federal Rule of Civil Procedure 24(a)(2) or 24(b) for the same reasons Tao's motion was untimely as discussed in the January 4, 2024, order. Indeed, any such motion would be even more untimely now because it would be filed more than a month after judgment was entered. Thus, the motions will be denied.[1]

---

[1] All intervenors may renew their request for intervention in the event Sara Lihong Wei Lafrenz has the judgment set aside which she has recently requested.

Thus, based on the foregoing,

**IT IS ORDERED** that Yuehua Qin and Lejian Deng's motions to file electronically (Docs. 135 and 136) are denied.

Dated this 14th day of February, 2024.

James A. Teilborg
Senior United States District Judge