WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mountains of Spices LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Sara Lihong Wei Lafrenz,<br><br>    Defendant. | No. CV-21-01497-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Sara Lihong Wei Lafrenz's motion to set aside the judgment. (Doc. 143). Defendant moves under Federal Rules of Civil Procedure 55(c) and 60(b). (Doc. 143 at 1). Rule 60(b) has six distinct subparts. Defendant fails to specify which subsection she would argue applies to this case. (*See* Doc. 143). Instead Defendant generally references (without citation to any law), "newly discovered evidence," "misconduct by a party" and "fraud." (Doc. 143 at 1).

Newly discovered evidence falls under Rule 60(b)(2). Fraud and/or misconduct by an opposing party falls under 60(b)(3). Plaintiff, in its response, assumes by her reference to Rule 55(c), Defendant is also moving to set aside for good cause/excusable neglect under 60(b)(1). (Doc. 151 at 10).

> Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause. **Once default judgment has been entered, relief is governed by Rule 60(b).** Where a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," the court applies the same three factors governing the inquiry into "good cause" under Rule 55(c). *Mesle,* 615 F.3d at 1091. Those factors, which courts consistently refer to as the "*Falk* factors," are: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable

conduct of the defendant led to the default. *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984).

*Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011) (emphasis added).

Plaintiff seems to believe that 55(c)'s good cause requirement is a threshold inquiry for setting aside a judgment if the case concluded by default.  (Doc. 151 at 18 ("…because…Sara has failed to demonstrate the existence of any of the elements of finding good cause under Rule 55(c), such payments cannot justify vacating the default judgment against her regardless of whether any elements of the prongs of Rule 60(b) are met.").  In other words, Plaintiff argues that relief under Rule 60(b)(3) based on fraud is unavailable if 55(c) cannot be met.  (*Id.*).  The Court finds no support for this argument in the caselaw.

Excusable neglect under Rule 60(b)(1) (applying the same standard as good cause under Rule 55(c)) is a basis to set aside a default judgment, but any basis under Rule 60(b) could provide relief.  *See Castro v. C&C Verde LLC,* No. CV-18-4715-PHX-SMM (JZB), 2022 WL 17528196, at *4 (D. Ariz. Dec. 7, 2022) (setting aside default judgment under Federal Rule of Civil Procedure 60(b)(4) without first considering good cause/excusable neglect); *Campbell v. Fernando-Sholes*, No. CV 05-0880-PHX-SMM, 2009 WL 2030561, at *10 (D. Ariz. July 9, 2009) (considering whether relief was justified under Federal Rule of Civil Procedure 60(b)(3) independent of whether relief was justified under Federal Rule of Civil Procedure 60(b)(1)).  As another court has stated,

> Under Rule 60(b)(4), a default judgment may be set aside where the judgment is void. Fed. R. Civ. P. 60(b)(4). A default judgment is void where the court lacks personal jurisdiction due to insufficient service of process. *S.E.C. v. Internet Solutions for Bus. Inc.,* 509 F.3d 1161, 1165 (9th Cir. 2007). Unlike a motion to set aside default judgment for equitable reasons, there is no discretion for a district court to exercise under Rule 60(b)(4); either a judgment is void or it is valid. *Thomas P. Gonzales Corp. v. Consego Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1256 (9th Cir. 1980). **Therefore, a district court need not consider the merits of the defense, prejudice to the plaintiff, or culpability of the defendant under Rule 60(b)(4).** *Internet Solutions,* 509 F.3d at 1165.

*Eclipse Grp. LLP v. Fortune Mfg. Co.*, No. 14CV0441-GPC-WVG, 2014 WL 6907897, at *1 (S.D. Cal. Dec. 8, 2014) (emphasis added).

Thus, given that the Court must consider Movant's arguments independent of the *Falk* factors, the Court will require supplemental briefing from Plaintiff. Specifically, the overarching argument of Movant's motion is that she has already paid Plaintiff the full amount of the judgment.

For purposes of default judgment, factual allegations are taken as true, damages allegations are not. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). In Plaintiff's response, Plaintiff never fully addresses exactly which funds were transferred to Sara, and which of those funds have now been recovered by Plaintiff (even if the funds were recovered from other entities to whom Sara may have transferred those funds). Plaintiff is not entitled to a duplicate recovery of the same money. And the burden of showing damages on default is on Plaintiff. Therefore,

**IT IS ORDERED** that, within 14 days of this Order, Plaintiff must supplement its response (Doc. 151) with an accounting of all monies sent to Sara (including dates and methods of transfer) and all monies recovered to date from its various collection efforts.[1] The Court is not seeking supplemental briefing or argument. Just an accounting (verified by a person with knowledge) of all monies transferred to Sara, and all recovery of those monies. Sara may respond to the accounting within 7 days of when it is filed.

Dated this 18th day of June, 2024.

_James A. Teilborg_
Senior United States District Judge

---

[1] In determining the amount of damages in the Order at Doc. 84, the Court did not consider that some of the money owed by Sara might have already been recovered; nor did the Court do such a calculation upon the entry of judgment.